Hall, Judge.
 

 — If does not occur to me, that there is vu ground on which the Plaintiff can be relieved in this '“.Vi t
 

 i ¡lie property, which was sold under the deed of trust ti; Conveyed to the trustee by him for that purpose. ,i Xu-iois no evidence in the case that supports the charge, Cuy: the sales of the property were fraudulently con-ids ied, to the Plaintiff’s prejudice. It was sold for ■vds., agreeably to the terms of the deed of trust, to ¡ di the Plaintiff had given his assent, and whether it redd for much or little, there can be no remedy for him. •:.f he and
 
 Cowles
 
 had combined to defraud
 
 Haines’
 
 credi-fw and on that account the property had been sacri-4-v4, be, being a
 
 partieeps
 
 criminis, could have no re me * ly, although the creditors defrauded would have a fair deis?ii to one.
 

 Piie Plaintiff probably had it in his power to pursue a morirse more favorable 10 both himself and
 
 creditors;
 
 4s ’t <<>, to have the property sold on a credit. Where a ti* hu t" conveyvS his estate to one creditor by deed ot trust, tsi ey i re him only, and the property is stipulated to be »■ cash, and not on a credit, in which other credi >v: e likely to suffer a loss, I think, in such a case, of Equity would lend its aid to prevent sucli in-j k uk a„ But this is not that case. No creditor has ap-a yd ildr relief.
 

 
 *422
 

 If Allison
 
 h¡\d_paid off
 
 Cowles’
 
 dolt, ov said it Lad rioi,; been accepted, he might ha'^^ppnrrt^ mcdy ag.iirilc tSfe property iu
 
 Cowles’
 
 (Jee’d "'of trust.»
 
 Mlison only
 
 proposed to make a bid for the property to the amount of
 
 Cowles’
 
 and his own debt $ and speculated himseJf into whatever balance might have remained of the property afrer those debts were satisfied, without, any regard to the interest of other creditors. But thesoi remarks are altogether inapplicable to the prayer of th c Plaintiff for relief.
 

 Per Curiam.
 

 — Let the bill be dismissed with coals,: